**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DARRELL LAMONT BAILEY, Inmate** ) | |
| **#00973-424,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL NO. 97-174-JPG** |
| **vs.** ) | |
| ) | |
| **UNITED STATES OF AMERICA, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

This action comes before the Court to rule on Plaintiff's motion for relief from judgment, filed pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (Doc. 17). Rule 60(b) provides for relief from judgment for "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason justifying relief from the operation of the judgment." FED.R.CIV.P. 60(b)(1), (6).

In this motion, Plaintiff makes two separate claims. First, Plaintiff argues that the Bureau of Prisons is not properly forwarding funds to the Court for payment of the filing fee in this case. Plaintiff states that he has made payments of $500.00 and $400.00 to the Court that have not been noted in his prison account. According to the Court's calculations, Plaintiff has paid a total of $92.50 toward payment of the $150.00 filing fee. Thus, Plaintiff still owes $57.50. The Court has no record of payments of $500.00 or $400.00 being paid in the case. In the exhibit filed with the motion, Plaintiff states that the $500.00 and $400.00 were taken from his account without indication as to whom payment was made. As best the Court can tell, Plaintiff is assuming that these amounts were paid to the Court for payment of filing fees. The Court's records contradict this assumption.

As such, relief from judgment cannot be granted based on this claim.

Second, Plaintiff argues that excessive amounts have been taken from his account, leaving him without funds to pay for over-the-counter medications and toiletries, all in violation of due process.  This argument is unrelated to his original case, and therefore cannot be remedied through a motion for relief from judgment.  Furthermore, the motion was filed well after the one year time limit imposed by Rule 60(b).  If Plaintiff wishes to have this claim heard, he will have to file another lawsuit.

Based on the foregoing, Plaintiff has not presented any argument warranting relief under Rule 60(b).

Accordingly, the instant motion (Doc. 17) is **DENIED**.

**IT IS SO ORDERED.**

**Dated:  August 31, 2005**

        **s/ J. Phil Gilbert**
        **U. S. District Judge**